The State of Iowa v. Thompson.

---

## THE STATE OF IOWA v. THOMPSON.

1. CHALLENGE. Homicide. A juror, in answer to interrogatories, said that he had formed and expressed opinion as to the killing, but not as to the guilt of the defendant; *Held*,

 1. That he was a competent juror.

 2. That an opinion formed or expressed by a juror, does not affect his competency, or afford cause for challenge, unless it is as to the guilt or innocence of the defendant, of the crime laid to his charge.

2. SELF DEFENSE. A party may repel force, by force, in the defense of his person, habitation or property, against one who manifestly intends by violence or surprise, to commit a felony against either, and if, in making such defense, he takes life, the killing is justifiable.

The State of Iowa v. Thompson.

4. SAME: HOMICIDE NOT JUSTIFIABLE. If the assault is not feloneous, and the danger is not actual and imminent, the party assailed is not justified in using a deadly weapon in a deadly manner.
5. SAME. When a party is assailed in a manner indicating plainly an intent on the part of the assailant to commit a felony, he is not compelled to flee when he cannot yield without manifest danger of his life.
6. SAME. It is no sufficient defense to an indictment for manslaughter, that the defendant *believed*, when he committed the homicide, that he was in imminent danger, unless the facts and circumstances were such as to satisfy the jury that he had reasonable grounds for his belief.
6. FELONY: GREAT BODILY HARM. Under our statute, an assault with intent to commit great bodily harm, is not felony.

*Appeal from Van Buren District Court.*

MONDAY, JUNE 27.

The defendant was indicted for manslaughter, in killing one Brewer. When the case was called for trial, a jury was placed in the box, and defendant's counsel addressed to a juror the following question: "Have you formed or expressed an opinion as to the defendant's guilt?" The juror answered, that he had not. The defendant's counsel then asked, "Whether he had formed or expressed an opinion as to defendant's killing Brewer?" To this the juror answered, that he had. The defendant thereupon challenged the juror for cause; the court overruled the challenge, and held that the juror was competent.

The defendant was convicted and sentenced to imprisonment for the term of one year in the penitentiary, and to pay a fine of one hundred dollars. He appeals, and assigns as error, the ruling of the court on his challenge to the juror; and the refusal of certain instructions which are sufficiently stated in the opinion of the court.

*Hall, Harrington & Hall,* for the appellant, in their argument upon the refusal of the court to sustain defendant's challenge to the juror, cited the Code, section 2985; *Trimble* v. *The State of Iowa,* 2 G. Greene 404; *The People* v. *Vermilye,* 7 Cowen 121; *The People* v. *Rathburn,* 21 Wend.

509; *The People* v. *Mather*, 4 Ib. 229; *The People* v. *McLeod*, 1 Hill. 377. In the argument of the questions raised on the instructions, 2 Cow. 193; *Commonwealth* v. *Selfridge*, reported in Whart. Am, Law of Homicide, 456; *Commonwealth* v. *Seibert*, reported in the same work, page 428.

*Samuel A. Rice*, Attorney General, for the State, in the argument on the ruling of the court on the challenge, cited section 2985, of the Code of 1851; 2 B. & Ald. 492; *The State McGregg*, 4 Black. 106; 4 Wend. 229; 6 Cow. 555; 3 Wend. 314; 9 Pick. 496; 3 Scam. 78, 414; *State* v. *Benton*, 2 Dev. & Bat. 196; *Houston* v. *Walcott & Co.*, 1 Iowa 86.

STOCKTON, J.—The challenge to the juror, was correctly overruled. To constitute good cause of challenge, it should appear that the juror had formed or expressed an unqualified opinion or belief that the defendant was guilty or not guilty of the offence charged. Code, sec. 2986. It is not sufficient cause of challenge, after the juror had replied that he had formed nor expressed no opinion as to the guilt of the defendant, that in reply to the question by the counsel, he answered that he had formed and expressed an opinion as to the fact of the killing of the deceased by defendant. The opinion formed or expressed, must be as to the guilt or innocence of the defendant of the crime laid to his charge, in order to render the juror incompetent, or to constitute good cause of challenge.

The defendant asked the court to charge the jury: "That if the defendant was a cripple, and so disabled, that he was unable to defend himself by any other method in his immediate power, except to resort to a deadly weapon, then he is excusable in using such weapon, to protect his person from a violent battery and beating."

This instruction the court refused to give, but charged the jury as follows:

1. "That, although the deceased may have menaced and threatened to assault the prisoner, with his fists, the prisoner

was not justified in repelling such an assault, by resorting to a concealed deadly weapon, and using it in such a manner as to produce death.

2. "That while a person is not bound to retreat from a place where he has a right to remain, and may lawfully repel a threatened assault, and to that end may use force enough to repel the assailant; yet he has no right to repel a threatened assault with naked fists, by the use of a deadly weapon, in a deadly manner, and which he has concealed up to the time of its use.

3. "Before a party is justified in resorting to a concealed deadly weapon, and using it in a deadly manner, it must appear that he was in imminent peril of death, or great bodily harm, or that a reasonable man, under like circumstances, would have reasonable grounds to believe that he was in peril of losing his life, or sustaining great bodily harm, and that he could not otherwise reasonably have saved his life or person from great bodily harm."

It appeared in evidence, that the deceased had assaulted the defendant, and pursued him with a heavy board, sufficient to do great bodily injury; that he threw down the board, and followed defendant in a threatening manner, but having no visible weapon; and that while defendant was retreating, and the deceased pursuing, had arrived within a few feet of him, the defendant turned and shot the deceased. The evidence further showed, that some ten days or two weeks before the killing, the defendant had been severely injured by a fall from a horse, and some of his ribs broken; that he had been confined to his bed until a day or two previous to the killing, and was, at the time, suffering from the injury; that when first assaulted, he told the deceased he could not fight, that he had had his ribs broken, and was a cripple; and that deceased was a quarrelsome and violent man, and would resort to deadly weapons, or any thing in his power, when engaged in a conflict.

The court further charged the jury, that "disparity of physical power and strength between men, will not justify

the weaker party in suddenly, and without any warning, resorting to a deadly weapon, and using it in a deadly manner, when menaced and threatened with an assault, by or with fists alone; and unless the situation and condition of the parties, and the circumstances under which they are placed, are sufficient to induce a man of reasonable and ordinary prudence and judgment, to believe great bodily harm or injury might reasonably be expected to follow, if the menaces and threats be carried out, in which case the prisoner had a right to use such deadly weapon."

We think there was no error in the refusal of the court to give the instruction asked. A party may repel force by force, in defense of his person, habitation or property, against one who manifestly intends, or endeavors by violence or surprise, to commit a known felony on either; and if a conflict ensue, in such case, and he takes life, the killing is justifiable. To make a homicide excusable, on the ground of self defense, the danger must be shown to be actual and urgent. No contingent necessity will avail. It must be proved that the assault was eminently perilous; and without there be a plain manifestation of a feloneous intent, no assault will justify killing the assailant. Wharton Am. Crim. Law, 436.

It has been held by this court, that a party is not compelled to flee from his adversary, who assails him with a deadly weapon, and retreat to the wall, before he can justify the homicide. *The State* v. *Tweedy*, 5 Iowa 334. The assault may be so fierce, as not to allow the party assailed to yield a step, without manifest danger of his life, or of enormous bodily harm. In such cases, if there be no other way of saving his own life, he may, in self-defense, kill his assailant, and the killing will be justifiable. But when the attack is not feloneous, the rule of law is different. If it is not apparent, from the manner of the assault, the nature of the weapon used, and the like, that the assailant intended to commit a felony, that the danger was imminent, and that the species of resistance used was necessary to avert it, the party assailed is not justified in resorting to the use of a deadly weapon,

and using it in a deadly manner.   *United States* v. *Wittenberger*, 3 Washington, C. C. 521.

In Tennessee, it has been held that if a man, though in no danger of serious bodily harm, through fear, alarm, or cowardice, kill another, under the impression that great bodily injury is about to be inflicted on him, it is neither murder nor manslaughter, but self-defense.   *Granger* v. *The State*, 5 Yerger, 459.   "This," says BRONSON, J., in *Shorter* v. *The People*, 2 Cow. 197, "was going too far.   It is not enough that the party believed himself in danger, unless the facts and circumstances were such that the jury can say, that he had reasonable grounds for his belief."

Under our statute, (Code, sec. 2594 and 2817,) an assault, even with intent to commit great bodily injury, is not a felony.   An assault, without a weapon of any kind, by a quarrelsome and violent man, upon one in the condition of defendant, can hardly be construed into a felonious assault. If, under the circumstances, there was no reason for the belief by defendant, that his person was in danger of death or great bodily harm, but that an ordinary battery was all that was intended, and all that he had any reason to fear from the acts of the deceased, he had no right to take the life of his assailant.

The instructions given by the court to the jury, we think, were as favorable to the defendant, as he had any right to require to be given to the jury.

Judgment affirmed.