## THE STATE v. HAVERCAMP.

1. **Criminal Law**: HOMICIDE: DEGREE OF CRIME.  Evidence considered
   and held insufficient to sustain a verdict for murder in the second degree.

*Appeal from Muscatine District Court.*

THURSDAY SEPTEMBER 23.

INDICTMENT for murder.  Trial by jury, verdict guilty of
murder in the second degree, and judgment.   The defendant
appeals.

*Cloud & Cloud*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J. This cause was before the court at a former term, and on motion of the attorney general the evidence was stricken from the abstract, but it was ordered the cause should be re-submitted.   53 Iowa 737.   This has been done and the evidence is now properly before us.

It appears therefrom that Paul Hergit, a brother of the deceased, had some difficulty with one Butz, or rather the latter so claimed, but this was satisfactorily settled.   About that time the defendant came to where Paul Hergit and Butz were and inquired of the latter whether the former was the fellow who wanted to whip him.   Butz responded "yes, but it was all settled."   The defendant then said, "whip him any way—the son of a bitch that wants to whip Johnnie Butz must whip this son of a bitch."   Paul Hergit made efforts to get away, but the defendant prevented this by walking in front of him.   He put his hand in his pocket and pulled out something and testified it was a key, but there was some evidence tending to show it was a knife.

The deceased came to where the parties were, and inquired of his brother what they had been doing to him, and he was told.   The defendant inquired, "what does the son of a bitch want," whereupon the deceased "pulled off his coat and went for" the defendant.   Whether the deceased struck the defendant should possibly be regarded as uncertain.   The only person who so testifies being, we believe, the defendant.   The result was the latter ran some distance and the deceased after him. The latter overtook the former, and they were next found on the ground, scuffling, the deceased being uppermost.   While in this position, the defendant stabbed or cut the deceased four times, from the effects of which he died in a short time. The defendant, at some time during the melee, received a slight cut or bruise on his head or face, which was probably inflicted by the deceased.

The foregoing is a fair statement of the material evidence, except that the defendant testified somewhat differently, the tendency of which was to justify him in what he did.

It is urged the evidence is not sufficient to sustain the verdict, because it appears therefrom the defendant acted in self defense, and was justified in so doing. Or, if this is not true, that, at most, he is guilty of manslaughter only.

The defendant and the deceased had no previous acquaintance. The affray was in the evening or early night time. The facts in the case bear, at least, some resemblance to those in *The State v. Thompson*, 9 Iowa, 188, which was an indictment for manslaughter. We think it was for the jury to say whether the assault made by the deceased was felonious, and whether the defendant was justified in using a deadly weapon to protect himself from great bodily injury.

There was no evidence warranting the conclusion the deceased was armed. He, however, pursued the defendant when the latter was rapidly retreating, and the fair inference is that, when he overtook him, he, by some means, threw the defendant down, and was attempting to beat and injure him.

Under these circumstances the knife was used. The occasion for its use was sudden, when the blood was heated, and during an actual conflict.

The pursuit had extended for some thirty or forty yards, and the defendant did not know his assailant, or whether he was armed or not. We do not believe the defendant is guilty of murder in the second degree, but, at most, of manslaughter only. A new trial should have been granted. There is no other error in the record.

REVERSED.