Gaddis v. Lord and Jewett.

## GADDIS v. LORD AND JEWETT.

1. CONVERSATIONS. If a part of a conversation is given in evidence by one party, the opposing party may inquire into all of it which relates to the same subject, on the cross examination of the witness by whom the conversation is proved. Code of 1851, section 2999.

2. EVIDENCE IN AN ACTION ON AN ATTACHMENT BOND. In an action on an attachment bond in which it was alleged in the answer that at the time the writ was sued out, the plaintiff was about to dispose of and remove his property out of the State, without leaving sufficient remaining for the payment of his debts; that he had disposed of his property in whole, or in part, with the intent to defraud his creditors; and that he was about to remove his property from the State with the intent to defraud his creditors, on which allegations issue was joined; it was held that evidence showing the amount of his indebtedness at the time the attachment was sued out, that for some time before he was disposing of his property, and that some two months after that time he acted fraudulently, was properly admitted.

3. EFFECT OF A JUDGMENT IN AN ATTACHMENT SUIT. The judgment recovered in an attachment suit is conclusive evidence of the amount of the indebtedness in controversy.

4. SAME. Where the judgment recovered in such an action, is for a sum less than five dollars, it also determines that the writ was wrongfully sued out, and entitles the defendant to nominal damages, with the actual damages sustained as shown by the evidence. Such a judgment however, is not sufficient without other evidence to show that the suing out of the writ was willfully wrong and will not, therefore, sustain a verdict for exemplary damages.

5. *Raver* v. *Webster*, 3 Iowa 502, approved.

*S. V. White* for the appellant.

*C. C. Cole* for the appellee.

STOCKTON, J.—In an action on an attachment bond against the obligors therein, for wilfully, maliciously and wrongfully suing out the writ of attachment, the plaintiff called J. E. Jewett, one of the defendants, and inquired of him as to the knowledge of his co-defendant, Lord, before the attachment suit was commenced, that the present plaintiff owned real estate in Madison county, unincumbered. The witness answered that Lord and Gaddis, the parties in the said attachment suit, were in his office, at which time the said Gaddis represented to the said Lord, that he was the owner of some two or three hundred acres of land in Madison county; that by request of both parties he wrote to that county and learned that said Gaddis had title to certain lands in said county, partly incumbered, and that to a portion inquired about he had no title. That those facts were communicated to said Lord before the attachment suit was instituted.

Upon cross examination of said witness, the defendant was permitted to interrogate him as to all the conversation had at the time between the witness and the defendant upon the same subject, and the witness was further permitted to state that as counsel for the said defendant, he advised the suing out of the writ of attachment. To this testimony by the witness the plaintiff objected at the time, and this is the first error assigned.

The object of the plaintiff was to show a knowledge on the part of Lord that plaintiff owned land sufficient to pay the debt, in order that the jury might infer from such information that the defendant was actuated by wrongful and malicious motives in suing out the writ. For this purpose he asked the witness whether he had communicated certain facts within his knowledge to the defendant, Lord. We think it was within the discretion of the District Court to allow the defendant, in the cross examination, to ask the witness whether at the same time and in the same conversation, upon a fair statement of all the facts made by Lord to

him, he, as counsel for Lord, advised the suing out of the writ of attachment. We think this was allowable under the section of the Code which provides that when part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing necessary to make it fully understood, or to explain the same, may also be given in evidence. Code, section 2399.

The plaintiff objected also to certain evidence offered by the defendant to prove the amount of the indebtedness of the plaintiff at the time of the suing out of the writ of attachment, and further, to show that for some time before, he had been disposing of his property, and that some two months after that time he acted fraudulently.

The averment of the petition is, that the defendant in filing his petition under oath claiming of the plaintiff the sum of one thousand dollars, and stating among other things that the said Gaddis had disposed of his property in whole or in part, with intent to defraud his creditors; had sued out the said writ of attachment against the property of the plaintiff, and it is further averred that said writ was willfully, wrongfully and maliciously sued out; that there was nothing due from the said plaintiff to the said defendant, and that said plaintiff had not disposed of his property in whole or in part, with intent to defraud his creditors. The defendants by their answer denied all the averments of the petition, and alleged that the plaintiff was about to dispose of or remove his property out of the State without leaving sufficient remaining for the payment of his debts; that he had disposed of his property in whole or in part with intent to defraud his creditors; that he was about to dispose of his property with intent to defraud his creditors, and that he was about to remove from the State, and refused to make any arrangements for securing the payment of his debts; and that by the wrongful acts and conduct of the said Gaddis, it become

necessary for the said Lord to sue out said writ. To this answer there was a replication, denying the same, and upon this issue the parties went to trial, and the evidence above referred to was admitted. We think that under this issue the evidence objected to by the plaintiff, was admissible.

The jury in the attachment suit, returned a verdict in favor of the plaintiff, Lord, for five cents damages. The record being introduced as evidence in this suit, the plaintiff asked the court to charge the jury : 1. That if the jury found from the evidence that the defendant, Lord, caused the writ of attachment to be issued upon an alleged claim of one thousand dollars, when there was not really due him the sum of five dollars, they must find for the plaintiff; but they need not find more than the actual damages sustained, unless they find also that the writ was willfully, wrongfully sued out. 2. That if the jury found that the plaintiff, Gaddis, did not owe the defendant, Lord, the amount of five dollars in the cause in which the attachment bond was filed, in that case the writ of attachment was unfounded, and the plaintiff must recover, but he cannot recover more than actual damages, unless the jury also find that the writ was maliciously sued out. These instructions the court refused to give, and this is the third error assigned.

The condition of the attachment bond is, that the plaintiff in the suit will pay all damages which the defendant may sustain by reason of the wrongful suing out of the writ of attachment. In an action on the bond, the plaintiff therein may recover, if he shows that the writ was wrongfully sued out, and if wilfully wrong, he may recover exemplary damages. Code, sections 1853, 1854.

It is required that the amount stated in the petition to be due from the defendant to the plaintiff must be more than five dollars in order to authorize the writ of attachment. Code, section 1849.

It was held by this court in *Raver* v. *Webster*, 3 Iowa 502, that the judgment recovered, conclusively determines the question of indebtedness between the parties, but does not

determine the question whether the plaintiff might not have had reasonable grounds to believe the truth of the matters stated in the petition and affidavit for the writ; and that to make the act of the creditor willfully wrong, and to enable the debtor to recover exemplary damages in an action on the attachment bond, something more is necessary than the mere failure of the plaintiff to recover a verdict. But as the party is not entitled to the writ, if the amount of the indebtedness is less than five dollars, and as the judgment recovered is conclusive evidence of the actual indebtedness of the defendant, if a less amount than five dollars is recovered, it is to be taken as a determination of the question whether the plaintiff was entitled to the writ. If a less sum was recovered, the writ was wrongfully sued out. In a suit on the bond, the party aggrieved is entitled to nominal damages by reason of the breach of the bond; and he is further entitled to recover for all actual damages shown to have been sustained. Exemplary damages can only be given when the writ has been wilfully, wrongfully sued out.

For the refusal of the court to give the instructions asked, the judgment is reversed.