## WELLER v. HAWES.

1. Attachment: AMOUNT NECESSARY TO AUTHORIZE: TORT. Section 2953 of the Code, providing that an attachment is not authorized where the amount in controversy is less than five dollars, is limited to actions upon contracts, and has no application to actions founded on torts.

2. ———: ATTORNEY'S FEE: CONSTITUTIONAL LAW. Attorney's fees may be regarded as a part of the costs, and the act authorizing the court to fix the amount of attorney's fees for defending against an attachment wrongfully sued out (Code, § 2961) is within the scope of legislative authority.

### Appeal from Howard Circuit Court.

### THURSDAY, JUNE 13.

THE plaintiff commenced an action against defendant for the recovery of damages for an alleged wilful and malicious assault, and procured an attachment against the defendant's property on the ground of his non-residence. The defendant answered, justifying the assault, and claiming damages for the wrongful and malicious suing out of the attachment. There was a jury trial, resulting in a verdict for defendant for thirty dollars. The court fixed the sum of three hundred dollars as attorney's costs, allowed defendant for defending the attachment, and rendered judgment for defendant for three hundred and thirty dollars. The plaintiff appeals.

*Stoneman & Chapin*, for appellant.

*Willett & Wellington*, for appellee.

DAY, J.—I. The court gave the following instruction: "If you find no damage on account of the assault and battery, or if you find damages on that account, and the amount is not more than five dollars, then the attachment was wrongfully sued out, and the

defendant is entitled to recover therefor." In construing this instruction we need not determine whether in an action of tort an attachment is wrongfully sued out when the plaintiff recovers no damage. The instruction goes beyond this, and asserts that in such action an attachment is wrongfully sued out unless the plaintiff recovers more than five dollars. In *Gaddis v. Lord & Jewett,* 10 Iowa, 141, it was held that when the judgment recovered in an attachment suit is for a sum less than five dollars, it determines that the writ was wrongfully sued out, and entitles the defendant to nominal damages with the actual damages sustained. This decision was expressly based upon section 1849 of the Code of 1851, which is the same as section 3175 of the Revision, and section 2953 of the Code of 1873, and is as follows: "If the plaintiff's demand is founded on contract, the petition must state that something is due, and as nearly as practicable the amount, which must be more than five dollars, in order to authorize an attachment." It is plain that this section has no application to actions grounded upon a tort. Section 2955 of the Code of 1873 (3177 of the Revision) provides: "If the demand is not founded on contract, the original petition must be presented to some judge of the Supreme, District, or Circuit Court, who shall make an allowance thereon of the amount in value of the property that may be attached." A like provision is contained in the Code of 1851, § 1851. There is no authority of law for holding that in an action of tort an attachment is wrongfully sued out unless the plaintiff recovers more than five dollars. The instruction complained of is erroneous.

While this instruction does not correctly present the law, we think the condition of the record is such that plaintiff cannot complain of the giving of it. The plaintiff asked the court to instruct the jury as follows: "If you find that at the time of suing out the writ the defendant was a nonresident of the State, then the attachment was not wrongful if you find for plaintiff five dollars." If this instruction had been given the plaintiff could not have assigned the giving of

Weller v. Hawes.

it as error.   If this instruction had been given the jury would naturally have been led to infer the converse of it, viz.:   That if defendant was not a non-resident of the State, or the plaintiff does not recover more than five dollars, then the attachment was wrongfully sued out.   The instruction asked logically includes the idea that if the things mentioned do not exist, then the attachment was wrongfully sued out.   The natural effect upon the juror's mind of the instruction asked would have been the same as of that given.   We think, therefore, that plaintiff is not in a condition to complain of this instruction.

II.   The court instructed the jury that if they found the defendant entitled to recover, they might allow him, as a part of his damages, the actual and necessary expenses incurred in defending the action, as shown by the evidence, and compensation for his loss of time in preparing for and attending the trial.   At the time of rendering judgment the court fixed the sum of three hundred dollars as attorney's costs, and allowed the defendant that sum for defending against the attachment.   Appellant now insists that, under the above instruction, the jury must have included an allowance for attorney's fees in their verdict, and that the action of the court in allowing further damages for attorney's fees, after leaving the subject to the jury, was unauthorized.   The court allowed the jury to consider the expenses incurred in defending the action as shown by the evidence.   The evidence is not in the record.   We must presume, in favor of the court's action, that no evidence on the subject of attorney's fees was submitted to the jury.

III.   A point is made upon the language of section 2961 of the Code.   It is said that it authorizes the court to *file*, not to *fix* the attorney's fees.   The word printed file in this section is written fix in the original act on file in the office of the Secretary of State.

IV.   It is said by appellant that section 2961 of the Code, if it authorizes the court to fix attorney's fees, is unconstitu-

2. ——:     tional. No authority is cited, nor argument made
attorney's fee:
constitutional   upon the point. In *Musser v. Crum*, 48 Iowa,
law.
52, in an action upon promissory notes pro-
viding for the payment of attorney's fees, and other costs
and charges of collection, it was held by a majority of this
court that the trial court might fix the amount of attorney's
fees, upon the ground that they constituted a part of the costs
of the case. If attorney's fees may be regarded as part of the
costs, it follows, we think, that the Legislature may, in a case
of this kind, authorize the court to fix the amount, without
submitting the question to a jury.

AFFIRMED.