188     SUPREME COURT OF IOWA,

The Dist. Twp. of Clay v. The Ind. Dist. of Buchanan et al.

The Dist. Twp. of Clay v. The Ind. Dist. of Buchanan
ET AL.

1. **Judgment:** AGAINST DEFUNCT CORPORATION: VOID. Where a district township was dissolved by its sub-districts' organizing as independent districts, a judgment obtained in an action begun against the original district township, after its dissolution, was void for want of jurisdiction of the court to render it.

2. **School District:** SUB-DIVISION OF: DIVISION OF ASSETS: HOW ENFORCED. Where a district township comprised two congressional townships, one of which became a separate district township, and the other of which at the same time was organized into several independent districts, the new district township could not maintain proceedings against the original district township for a division of assets, as that township had ceased to have a corporate existence; but it would seem that such action might be maintained against the independent districts organized within the other congressional township. See *Ind. Dist. of Georgia v. Ind. Dist. of Victory*, 41 Iowa, 321.

3. **Former Adjudication:** FACTS NOT CONSTITUTING; EFFECT OF APPEARING AND DEFENDING. Where in the case last named the action was brought against the defunct district township, and the independent districts, without being made defendants, appeared by counsel and resisted the action, but judgment was nevertheless rendered against the defunct district, such judgment, void as being against a defunct defendant, did not bind the independent districts which resisted it.

4. **Estoppel:** PARTY ADVOCATING A POINT OF LAW NOT BOUND THEREBY. Where the plaintiff in the action last above named afterwards brought another action against the several independent districts, based upon the same cause, and the independent districts appeared and pleaded the judgment in the former action in bar, whereupon plaintiff withdrew its action and suffered judgment to be rendered against it for costs, *held* that the position taken by the defendants was a mere legal position, as to the soundness of which plaintiff was as well able to judge as they, and that it did not estop them from denying their liability upon the judgment, in a subsequent action brought to enforce the same.

5. **Error in Ruling on Demurrer:** PREJUDICE PRESUMED WHERE THE CONTRARY DOES NOT APPEAR. In this case there were several grounds for the demurrer, one of which was based upon the statute of limitations, and the others attacked the sufficiency of the petition. The court sustained the demurrer on the first ground, and overruled as to the other grounds, both of which rulings were erroneous:—*held* that, inasmuch as it cannot be said with certainty that plaintiff was not prejudiced by the ruling sustaining the demurrer, the cause must be reversed.

*Appeal from Webster District Court.*

WEDNESDAY, APRIL 9.

ACTION for a writ of *mandamus* to compel the several boards of directors of the defendant districts to meet and apportion among themselves a certain alleged liability. The defendants demurred to the plaintiff's petition, assigning nine grounds of demurrer. The court overruled the demurrer as to eight grounds, and sustained it as to one. The plaintiff electing to stand by its petition, judgment was rendered against it for costs. Both parties appeal, the plaintiff perfecting its appeal first.

*Frank Farrell* and *Theo. Hawley,* for appellant.

*J. F. Duncombe* and *A. N. Botsford,* for appellee.

ADAMS, J.—The court sustained the defendants' demurrer upon the ground that the plaintiff's cause of action was barred by the statute of limitations. In our opinion the court should have overruled the demurrer upon this ground, and sustained it upon a different ground. The petition, to our minds, shows very clearly that the plaintiff never had a cause of action against these defendants. The demurrer raised this question. If the court had sustained it upon this ground, the plaintiff might possibly (though not probably) have elected to amend. The plaintiff comes here now upon the theory that he had a cause of action, and asks us to hold that it is not barred. To determine whether an action is barred or not, we must determine when the cause accrued. If it appears from the petition that it never accrued at all, we cannot say that it is barred. The plaintiff is seeking to compel the different boards of directors of the defendant districts to levy a tax to pay a judgment. It claims that it is entitled to a writ of *mandamus* for this purpose. The remedy sought is given to a judgment creditor of a public corporation, who

has either elected not to issue execution, or, having issued execution, has been unable to find property upon which to levy. Code, § 3049. *Boynton v. District Township of Newton*, 34 Iowa, 510. In the view which we take of the case, the plaintiff is not a judgment creditor of the defendant districts, and has in no proper sense elected not to issue execution against them, or been unable to find property upon which to levy an execution issued.

The plaintiff claims to be the owner of a judgment against the district township of Sumner. This action is brought to compel the defendants to provide for the payment of the judgment, but in our opinion it has not even such judgment, to say nothing of the question as to whether the defendants would be liable to pay it if it had.

The district township of Sumner comprised at one time two congressional townships in Webster county. Afterward, one of the congressional townships was organized as a district township, under the name of the District Township of Clay, and the sub-districts in the other congressional township were organized as independent districts, being eight in number, and the district township of Sumner was dissolved. After it was dissolved, the district township of Clay, the present plaintiff, claiming that it was entitled to a portion of the assets left in the possession of the district township of Sumner, brought an action in which the district township of Sumner was named defendant. Upon what person or persons, if any one, original notice was served, does not appear. Seven of the eight independent districts, however, employed counsel to defend against the action, but the defense was unsuccessful, and judgment was rendered against the district township of Sumner. Afterward, the plaintiff brought an action against the independent districts, being the same made defendants in this action, for the purpose of recovering against them for the same indebtedness for which the judgment had been rendered against the district township of Sumner. The defendants appeared and pleaded the judgment in bar, and introduced evidence

showing that they employed counsel, and subpœnaed witnesses, and defended in the action in which the judgment was rendered; and thereupon plaintiff withdrew its action, and judgment was rendered against it for costs.

The plaintiff then brought this action against the independent districts, for the purpose of obtaining a writ of *mandamus*, as above set forth. The foregoing, we believe, constitute the essential facts.

If the district township of Sumner had remained after the organization of the district township of Clay, it would seem to be clear that the respective boards of the two district townships should have met and made an equitable division of the assets and liabilities. Code, § 1715. This, doubtless, they would have done. But, at the same time that the district township of Clay came into existence as a complete organization, the district township of Sumner went out of existence. It was impossible, therefore, for the respective boards of these two district townships to meet. Whether the plaintiff's board and those of the independent districts should have met and made the equitable division, under section 1715, above cited, we need not determine. If they could not make the division, the plaintiff, it would seem, would have been entitled to maintain an action against the independent districts. *Ind. Dist. of Georgia v. Ind. Dist. of Victory*, 41 Iowa, 321. For some reason, the plaintiff brought an action in which the district township of Sumner was named as the sole defendant. But the district township of Sumner, having previously gone out of existence, could not be made defendant. In the very nature of things, the court could not have jurisdiction either of the subject-matter or person, in an action in which the party named as defendant had no existence. The plaintiff, probably, would not deny that the judgment is necessarily void, so far as the party named defendant is concerned, but it insists that the judgment is valid so far as the independent districts are concerned; and this theory is based upon the fact that the independent districts employed coun-

sel and defended.    But in our opinion the plaintiff's theory cannot be sustained.

It is true that, where an action is brought against a person upon a liability for which, if discharged by the defendant, a third person is liable to respond to him, and the third person defends in the action, and judgment is rendered for plaintiff, the third person cannot, in an action against him by the person who was defendant in a former action, be heard to dispute the correctness of the judgment.    A similar rule applies in actions of a somewhat different character.   But in all it will be found that there was an actual defendant, and a judgment of record against somebody who was a party to the record.

One position taken by the plaintiff remains to be considered.   The plaintiff brought an action against these defendants, and was induced to withdraw it by reason of their answer and evidence offered.    It avers that the defendants are now estopped to deny the validity of the judgment.

The plaintiff's position, as we understand it, is that, as the defendants claimed in that action that the judgment against the district township of Sumner was valid, they should not now be heard to say that it is not.

Whatever position the defendants took in that action respecting the validity of the judgment, it seems to us, was a mere legal position, of the soundness of which the plaintiff could judge as well as the defendants.    We see no ground upon which an estoppel can be based.

The question which we have determined was raised by the first, second and fourth grounds of the defendants' demurrer. The court overruled the demurrer upon these grounds.    We think that it should have been sustained.

. While we think that the petition shows no cause of action, and that the demurrer should have been sustained upon such ground, we cannot say that the plaintiff was not prejudiced, by reason of the ground upon which it was sustained.

Reversed.