THE DISTRICT TWP. OF CLAY v. THE INDEPENDENT DIST. OF BUCHANAN ET AL.

1. **Estoppel:** PLEA OF FORMER RECOVERY. Where a defendant in his answer admits that a former judgment obtained by plaintiff upon the same cause of action is binding upon him, and upon such plea of former recovery defeats the action, he can not afterwards, when plaintiff seeks to enforce the admitted judgment, be heard to say that it is void, or that it is not an adjudication against him.

2. **Practice on Appeal:** FORMER DECISION. A question decided on one appeal to this court cannot be raised again on a second appeal of the same case.

3. **Statute of Limitations:** PETITION: DEMURRER. A petition cannot be assailed by demurrer on the ground that the action is barred by the statute of limitations, unless that fact appears on the face of the petition.

*Appeal from Webster District Court.*

SATURDAY, JUNE 12.

MANDAMUS to compel defendants to levy taxes to satisfy a judgment recovered by plaintiff against the district township of Sumner, of which the defendants are successors. A demurrer to the petition was sustained, and judgment rendered for defendants. Plaintiff appeals.

*Frank Farrell* and *Theo. Hawley*, for appellant.

*A. A. Botsford* and *J. F. Duncombe*, for appellees.

BECK, J.—I. This cause has before been in this court. See 63 Iowa, 188. It was reversed upon the former appeal,

1. ESTOPPEL: plea of former recovery. and, after being remanded to the district court, an amended and substituted petition was filed, which presents substantially the following cause of action. The plaintiff and defendants are corporations, existing under the laws of the state. In 1876 the plaintiff recovered a judgment against the district township of Sumner, a cor-

poration existing under the laws of the state, which remains in full force, and is unsatisfied. After the cause of action accrued, the several districts of the district township of Sumner, under provisions of the statute, reorganized as independent districts. These independent districts collectively embrace the whole of the territory of the preceding district township of Sumner, and the corporators thereof are the same as those of the district township, and have received and appropriated all its assets and taxes, and have succeeded to all its rights and liabilities. The district township has ceased to elect officers, and there are now no officers thereof authorized to levy taxes or discharge other corporate functions and duties. After the rendition of plaintiff's judgment, and the reorganization of the subdistricts into independent districts, plaintiff brought an action in the court below, on the original cause of action upon which the judgment in its favor was rendered, against the defendants, the independent districts; which, in an answer to the action, set up as a plea in bar the facts that they succeeded to all the rights and liabilities of the district township; that the judgment was rendered upon the identical cause of action set out in the petition against them; that the defendants in this suit, the independent districts, appeared in that action against the district township, employed counsel, and made defense thereto that the judgment against the district township was a valid and existing judgment against the defendants herein, the independent districts, and that, by reason thereof, the plaintiff ought not to maintain the action against them; that the cause came on for trial upon the issues raised by the defendants' plea in bar of former recovery, and upon the proofs thereon it was found and adjudged by the court that the judgment was valid and subsisting, and the defendants, the independent districts, were bound thereby, and estopped from questioning it, and that it constituted a bar to the action; that judgment was entered in favor of defendants upon the plea in bar, and plaintiff's

action against them was dismissed; and that the judgment has never been set aside or reversed. The petition in this case further alleges that plaintiff has demanded of defendants that they levy taxes for the payment of the judgment.

To this petition defendants demurred, setting up various causes therefor, and that the judgment sought to be enforced is shown to be void, being rendered without jurisdiction; which, in the view we take of the case, as will be hereafter seen, need not be more particularly stated or considered. The demurrer also assails the cause of action set out in the petition, based upon the adjudication as therein pleaded, which, it is claimed, estops defendants to deny the judgment and that they are bound thereby. A count of the demurrer presents the further ground that the action is barred by the statute of limitations.

It will be observed that the petition does not show that the independent districts were organized, and the district township ceased to exist, before the judgment in plaintiff's favor was rendered. We cannot presume that they were organized before that time; but, upon all the facts as disclosed by the petition, we are required, rather, to presume that such organization was after the date of the judgment. But, as will be hereafter seen, this matter cuts no figure, in the view we take of the case, which leads to the conclusions reached in this opinion.

II. In our opinion, the defendants are estopped to deny the validity of the judgment which plaintiff seeks to enforce, either against the district township or against THE SAME. themselves; or to deny that they are, as the successors of the district township, bound by it, and that it may be enforced against them. These very matters were pleaded by them as defenses to the action brought against them, and they were held a complete defense thereto. By their plea they alleged that they were bound by the judgment, which was an adjudication against them, and the court so held and adjudged. We will surely not be expected to cite authori-

ties—which are numerous—to support the familiar doctrine· that a party is estopped to deny matters which he pleads, and thereon obtains an adjudication in his favor, defeating recovery in an action against him. This case is a striking illustration of the justice of the rule. Defendants defeat a prior action on the ground of a former judgment which is an adjudication against them. When this judgment is again brought before the court in order to obtain remedies for its enforcement, defendants plead that it is void, and does not bind them. They are thus relieved from liability at one time on the ground that the judgment is a valid adjudication against them, and at another on the ground that it is not. The law cannot be reproached with the claim that it recognizes doctrines permitting such oscillation in its administration, which would work the most gross injustice. The defendants having gained protection in an action on the ground of the validity of the judgment, and that it was an adjudication against them, are forever estopped to claim the contrary in an action between the same parties.

It will be readily seen that in the foregoing view the validity of the judgment in favor of plaintiff, and defendants' liability thereunder, cannot be a subject of inquiry in this case, defendants being estopped to raise any question involving these matters. The demurrer was therefore not well taken upon these points.

III. The demurrer interposing the statute of limitations ought to have been overruled for two reasons: (1) In the prior decision of the case by this court it was **2. PRACTICE on appeal: former decision.** held that the demurrer upon this point ought to have been overruled. 63 Iowa, 188. That decision being in this very case, cannot be questioned on this appeal. (2) The cause of action against defendants in this case could not have arisen before their organization as independent districts. It is obvious that plaintiff **3. STATUTE of limitations: petition: demurrer.** could have no cause of action as against these districts until they had a corporate existence.

It is not shown in the petition when that existence com-' menced, and we can exercise no presumption in that regard. The petition cannot be assailed by demurrer on the ground that the action is barred by the statute of limitations, unless it shows on its face that the cause of action accrued, as against the defendants, at a time prior to the period limited by the statute.

The foregoing discussion disposes of all questions in the case. The judgment of the district court is

REVERSED.