THE HARTMAN STEEL COMPANY, Limited, v. E. HOAG & SON, E. HOAG, and A. HOAG, Appellants.

**Directed Verdict.** A verdict is properly directed for plaintiff in an action for a balance due on account, where plaintiff's claim is admitted by the answer and defendant's claim for damages, because of plaintiff's negligence in delaying to foreclose a chattel mortgage, assigned by plaintiff to defendants, by reason of which the collateral security is lost under a sale on a junior lien, is not sustained by evidence, but it is shown that the property covered by such mortgage was sold on a valid judgment against defendants and applied in liquidation thereof.

**Attorneys: AUTHORITY.** An attorney who has no other authority than to collect a debt, cannot ratify the acceptance by an agent of the creditor of a bill of sale from the debtor as a payment.

**Representations: ESTOPPEL.** Reliance by a debtor on the advice of an attorney for the creditor, that a bill of sale of personal property by the debtor to the creditor was sufficient to fully and legally transfer the property to the creditor, does not estop the creditor to

subsequently set up that the title to the property did not pass by such bill of sale, and that the debt was therefore unpaid, as the debtor has no right to rely on the advice of the creditor's attorney in such matter.

**President of Corporation:** RATIFICATION. A creditor of a corporation cannot ratify the unauthorized act of the president of such corporation in executing a bill of sale of corporate property for payment of a debt.

**Pledges:** RIGHT OF PLEDGEE OF MORTGAGE. One to whom a chattel mortgage is assigned as collateral security is not required to accept an offer by the purchaser of the mortgaged property, at a sale under a junior lien, to give security on such property.

**Evidence:** ADMISSION BY PLEADING. Evidence that the claim of plaintiff was, from its inception, a debt of a corporation, in which defendants had an interest, instead of a debt of the defendants themselves, is properly excluded where defendants admit in their answer that it was their debt from its inception.

CROSS-EXAMINATION. A witness, having testified to a conversation had with plaintiff's attorney relative to the mortgage in question, stated that he had told them what he thought about it. On cross-examination it is proper to ask him "what" he told them.

**Pleading:** STRIKING OFF. It is not error to strike out an amendment to an answer alleging want of diligence in collecting collateral security on the part of the plaintiff, where such fact had already been sufficiently alleged.

*Appeal from Delaware District Court.*—HON. J. J. TOLERTON, Judge.

SATURDAY, DECEMBER 18, 1897.

PLAINTIFF brings this action to recover one thousand three hundred and fifty dollars and fifty-five cents, with interest, a balance alleged to be due on account for wire sold by the plaintiff to the defendants. Defendants answered as follows: "The defendants, for answer to plaintiff's petition on file herein, say that on or about the twenty-second day of September, 1888, they settled with the plaintiff, and paid the said plaintiff the balance due on the said account, upon which this action is founded." Defendants, by way of amendment, filed

two additional counts, entitled second and third counts, in which they alleged, in substance, as follows: In the second, that prior to said twenty-second day of September, 1888, they assigned to plaintiff, as collateral security for said indebtedness, a certain chattel mortgage owned by them, which assignment was duly recorded; that plaintiff orally agreed to proceed at once to foreclose said mortgage, and to apply the avails on said indebtedness; that said security was of an actual value largely in excess of said indebtedness; that plaintiff continuously retained said security, and has negligently, carelessly, and recklessly suffered and permitted the property upon which such lien was held, to be sold under a junior and inferior lien, whereby said collateral security became and was wholly lost, and is now valueless, to the damage of the defendants in the sum of four thousand dollars. Defendants ask judgment to an extent equal to plaintiff's claim, with interest and costs, but do not ask any affirmative relief other than as in extinguishment of plaintiff's right of action. In the third count they allege that subsequent to said assignment, to-wit, on or about September 21, 1888, plaintiff, by its agent, N. B. Williams, orally agreed with the defendants to take a bill of sale from defendants of certain personal property in full satisfaction of said debt; that plaintiff's counsel prepared a bill of sale, which defendants executed, and which was duly placed on record; that thereafter plaintiff took proceedings under and by virtue of said bill of sale, assuming to be the owner and entitled to the possession of the chattels therein described, and that, but for said acts of plaintiff, defendants would have taken measures to protect such rights of property; that defendants were damaged thereby to the value of said property, which was agreed upon as equal to plaintiff's claim. Defendants aver that the plaintiff is, by said acts, estopped to deny that such bill

of sale so received was not in full satisfaction and discharge of defendants' obligation. Defendants pray that they may have their damages herein allowed in cancellation of plaintiff's claim, and that plaintiff be estopped from recovering any judgment herein. Thereafter, defendants filed a second amendment to their answer, amending said second count, in substance as follows: That at the time of the sale under said junior lien plaintiff was offered by the purchaser security on the property included in the sale, which was ample security for said claim, and the plaintiff refused such security, and failed to take adequate measures to protect the superior lien held by plaintiff under the assignment of said mortgage. The third count was amended by alleging that in making said bill of sale defendants acted under the advice and direction of plaintiff's counsel, and with the full understanding and belief that said property covered by said bill of sale was fully and legally transferred to plaintiff, and that they and plaintiff thereafter acted upon such understanding, wherefore they aver that plaintiff is estopped to maintain that said writing so executed was not legally sufficient. Plaintiff moved to strike said second amendment upon the following grounds: That the averment of want of diligence of the plaintiff to enforce the securities and damage resulting to defendants therefrom is surplusage, and redundant, and fully covered by the allegations of the first amendment; that the offer by the holder of the junior lien to secure plaintiff's claim is immaterial, as plaintiff was not bound to accept such security; that defendants could not rely upon the advice of counsel adversely interested; that the allegations of said second amendment do not show that defendants were misled to their prejudice by any act of plaintiff or its counsel upon which they were justified in relying, and that such allegations show no estoppel; that all the allegations of said second amendment are immaterial. This motion being

sustained, plaintiff replied to said second count, deny-
ing that defendants suffered any damage by reason of
the failure to foreclose said chattel mortgage, for that
the property referred to as covered by said mortgage
was sold upon execution against the defendants, and
the proceeds applied to the satisfaction of their lawful
and valid indebtedness; that said chattel mortgage was
without consideration and void and for that reason
plaintiff could not enforce it; that said chattel mortgage
was never delivered to plaintiff, and that long before
the execution of said pretended assignment said mort-
gage had been destroyed, canceled, and surrendered,
and that only a certified copy of the record thereof was
delivered to plaintiff.  Plaintiff denies that the secur-
ities in said second count referred to were of the value
of plaintiff's claim, or of any value whatever, and denies
that it made the agreement in said count set out.  In
reply to the third count plaintiff denies that the bill of
sale therein referred to was accepted in satisfaction or
discharge of defendant's obligation, and avers that said
bill of sale was accepted, if at all, only as security.
Further replying, plaintiff says that said bill of sale was
unauthorized by any act or resolution of the board of
directors of the corporation owning the property in said
bill of sale described.  Plaintiff denies that it is estopped
by any act upon the part of plaintiff alleged in said
count, and alleges that the personal property described
in said bill of sale was sold upon execution against the
defendants, and the proceeds applied to the satisfaction
of the judgment against them, whereby defendants
received full benefit of said property.  Plaintiff denies
every allegation contained in said counts not expressly
admitted.  Upon these issues the cause came on for trial
before the court and jury, the court holding that
the defendants had the burden of proof.  At the

conclusion of the evidence, plaintiff's motion for a verdict was sustained, and verdict returned in favor of the plaintiff, from which the defendants appeal.— *Affirmed.*

*Bronson & Carr, Yoran & Arnold,* and *W. E. Bauer* for appellants.

*Boies, Couch & Boies* and *Dunham & Norris* for appellee.

GIVEN, J.—I. Appellants' first complaint is of the ruling of the court sustaining appellee's motion to strike said second amendment to the answer. We think there was no error in the ruling. The averment of want of diligence on the part of plaintiff had already been sufficiently alleged, and, in so far as it alleges an offer by a third party of security to the plaintiff, it is immaterial, for that the plaintiff was not bound to accept such offer. Defendants had no right to rely upon the advice of plaintiff's counsel as to the legal sufficiency of the bill of sale, and such reliance upon his advice upon a question of law constitutes no estoppel against the plaintiff. *Cedar Rapids & M. R. Co. v. County of Sac,* 46 Iowa, 243; *District Tp. of Clap v. Independent Dist. of Buchanan,* 63 Iowa, 188. Appellants' counsel cite in this connection a number of authorities as to the extent to which a principal is bound by the acts of an agent, but this does not seem to us to have any bearing upon the questions presented by this motion to strike.

II. A further consideration of the case requires that we notice in a general way the facts developed on the trial. E. Hoag & Son assumed and paid an indebtedness of Thompson and Farrell to one Percival, who was then engaged with Thompson and Farrell in the manufacture of barbed wire. Thompson and Farrell gave Hoag & Son their note for two

thousand five hundred dollars, secured by a chattel mortgage on their interest in the machines, tools, furniture, stock, etc., of the barbed-wire company, and Hoag & Son subsequently paid said debt of Thompson and Farrell. Afterwards, the barbed-wire company became incorporated under the name of the "Beat 'Em All Barbed-Wire Company," and E. Hoag was elected president, and was acting in that capacity, when the company failed, and when said bill of sale was executed by him to the plaintiff. Hoag & Son ordered from plaintiff the wire charged for in the account sued upon, and the same was turned over to the barbed-wire company for its use. The barbed-wire company failed in the fall of 1888, and one N. B. Williams appeared as representing the plaintiff to effect a settlement of their claim against defendants, E. Hoag & Son, whereupon E. Hoag assigned to plaintiff, by separate writing, said chattel mortgage from Thompson and Farrell as collateral security for the claim sued upon, plaintiff, by said Williams, giving to E. Hoag & Son a written agreement to apply the proceeds of said mortgage to defendants' indebtedness, less charges and expenses necessary to protect the mortgage, and to pay any residue to Hoag & Son. On the next day,—September 22, 1888,—E. Hoag, as president of said corporation, in pursuance of an agreement with said Williams, executed to the plaintiff an unconditional bill of sale of the machines, tools, belting, shafting, and all other personal property of the corporation in its building in Cedar Falls, Iowa. On the eighteenth day of September, 1888, an execution in favor of A. S. Blair and against the said barbed-wire company, E. Hoag, and A. A. Hoag, S. Thompson and W. E. Farrell, was placed in the hands of the sheriff, and on the twenty-second day of September, 1888, he levied the same upon the property of said corporation in its factory at Cedar Falls. Thereafter plaintiff, by its attorneys, notified said sheriff that it

claimed to be the qualified owner of said property by virtue of said assignment of said chattel mortgage thereon, and said bill of sale. A. S. Blair gave an indemnifying bond, whereupon the sheriff proceeded to sell said property under the execution, and sold the same to A. S. Blair for over two-thirds of the appraised value thereof.

III. Appellants complain of certain rulings in taking the testimony of A. S. Blair and of E. Hoag. Mr. Blair, having testified to a conversation with plaintiff's counsel about said mortgage, stated that he had told them what he thought about it. On cross-examination he was asked to state what he told them, to which defendants objected, and the objection was overruled. What he said was a part of the conversation, and the proper subject of inquiry, as it went to make intelligible the other parts thereof. Appellants complain that Mr. Hoag was not permitted to state what offer Mr. Blair had made to the plaintiff's attorney in the way of security. We have seen that that part of the answer was properly stricken out; therefore the inquiry was immaterial. It is further complained that Mr. Blair was permitted to testify, over defendants' objection, that he never offered plaintiff any security. If this was error, it was without prejudice, for, as we have seen, it is entirely immaterial whether or not Mr. Blair had offered security as claimed. It is assigned as error that the court excluded evidence offered to establish the fact that plaintiff's claim was, from its inception, the debt of the barbed-wire company. There was no error in excluding this evidence under the pleadings, for, by the answer, the defendants admitted that it was their debt from its inception. Other errors assigned on the taking of testimony are not of sufficient importance to require further notice.

IV. At the close of the evidence, plaintiff moved to strike all evidence of negotiations between the

defendants and Williams, or any other person, claiming to represent the plaintiff, relative to said bill of sale, upon the following grounds: That there is no evidence of any authority upon the part of Williams or others to accept said bill of sale in liquidation of this debt, and that there is no evidence of authority from the barbed-wire company to Hoag to execute said bill of sale. Defendants contend that the plaintiff is estopped from denying the authority of Williams and of its attorneys, because of the giving of said notice of qualified ownership to the sheriff. There is no evidence of other authority to either Williams or to plaintiff's attorneys than simply to collect this claim, and it is not contended that such authority would authorize the taking of anything else than money in payment. See *Harbach v. Colvin*, 73 Iowa, 638. The claim of defendants is that the bill of sale was taken in payment of the debt, while the notice given by plaintiff's attorneys only claimed it as security. The evidence fails to show that these attorneys had any other authority from the plaintiff than to collect; therefore they could not ratify the acceptance of the bill of sale as a payment. Mechem, Agency, section 121. Again, there is an entire absence of evidence showing authority to E. Hoag, as president, to execute that bill of sale on the property of the corporation for the payment of a debt owing by E. Hoag & Son, and, therefore, we think, plaintiff could not ratify that unauthorized act. Mechem, Agency, section 168. If the bill of sale is to be held effective only by reason of the ratification, it will be observed that that ratification was not until after the property had been levied upon under Mr. Blair's execution. As already stated, there is no evidence of authority from the barbed-wire company to E. Hoag, to execute said bill of sale; therefore,

the second ground of the motion was properly sustained. This evidence being stricken out, the court properly sustained plaintiff's motion for a verdict.

The plaintiff's claim was admitted by the answer, and defendants' claim for damage was not sustained by evidence, but, on the other hand, it is shown that the property described in the chattel mortgage was sold upon a valid judgment against the defendants, and applied in liquidation thereof. We do not discover any error prejudicial to the defendants in either of the respects complained of, and the judgment of the district court is AFFIRMED.