ADDIE M. BOND, Appellee, v. MARY F. LOTZ, Appellant.

No. 41328.

JUNE 24, 1932.

C. E. Hamilton, for appellee.

Percival & Wilkinson, for appellant.

WAGNER, C. J.—The errors urged by the appellant relate to instructions given by the Court to the jury and to the rulings of the Court on the introduction of testimony.

Plaintiff states her cause of action in two separate counts of her petition. The charge in the first count is that on or about February 27, 1930, the defendant, in the presence and hearing of certain persons therein named, "maliciously" spoke concerning plaintiff certain false and defamatory words as follows:

"That this plaintiff had received and harbored 55 white chickens which had been stolen from the defendant in October, 1929. That they had been stolen by another person and taken to the farm which the plaintiff was occupying and that the plaintiff had harbored them."

The charge in the second count of her petition is that dur-

ing the month of February, 1930, and on other occasions, the defendant, in the presence and hearing of one Erby Grover and other members of his family "maliciously" spoke concerning the plaintiff certain false and defamatory words as follows:

"That in October of 1929, the plaintiff received and harbored 55 white chickens which had been stolen from the defendant. That this plaintiff and one Stephen Bond had also stolen five hundred bushels of corn from the defendant."

The plaintiff alleges in each count of her petition "that she has been damaged in the sum of $2,500.00 in "*actual damages.*" She prays for the sum of $5000.00 "*actual damages.*"

It will be noted that the plaintiff does not ask for punitive or exemplary damages, but asks only actual damages. The appellant complains because the court instructed the jury upon the subject of malice, it being her contention that malice is an element to be considered only as affecting punitive or exemplary damages and that no such damages are asked. The court in his instructions specifically told the jury that "no exemplary damages can be considered or allowed by the jury in this case under any condition or circumstances." It will thus be noted that the plaintiff did not ask for exemplary damages and that the court specifically instructed that there could be no allowance by the jury in the way of exemplary damages as against the defendant. The court was particularly careful to define in the instructions what was meant by his use of the term, "malice." He told the jury that "malice in a legal sense, (as used in the instructions) means a wrongful act done intentionally without just cause or excuse." There is no complaint by the appellant as to the definition given. As applied to a case of slander where actual damages only are asked, the definition of malice given by the court is correct and in accordance with the weight of authority. See Ott v. Murphy, 160 Iowa 730; 36 C. J. 1214 et seq. In view of the fact that plaintiff is asking only actual damages, and in view of the correct definition given by the court of what is meant by malice,—that is, legal malice or malice in law as distinguished from actual malice, or malice in fact,—that is, malice importing hatred or ill will and signifying a wrongful motive or intent,— the court did not err in instructing the jury upon the subject

of malice. There is no merit in the contention made by the appellant at this point.

The court in one of the instructions told the jury:

"Some testimony was submitted upon the trial of this case tending to show that the defendant on more than one occasion repeated some of the charges alleged to have been spoken and which are declared upon by the plaintiff in the separate counts of her petition. If you find that the defendant did in fact make such charges at different times with reference to the alleged slanderous words spoken by her of and concerning the plaintiff, it will be proper for you to take said matters into consideration in determining the nature and extent of the injuries or damages which have been sustained by the plaintiff if such charges were made by the defendant to persons other than those included in the allegations of the separate counts of her petition."

As applied to the record in this case, said instruction is erroneous. It must be borne in mind that the plaintiff in the instant case is not asking exemplary damages, but only actual damages, and the court so instructed. In the instant case, the court instructed the jury that the alleged slanderous language used is actionable *per se*, and it is not claimed by the appellant that the instructions in that respect are incorrect. It is true that in certain cases for damages for slander, although the language be actionable *per se*, evidence showing a repetition of the slanderous language is admissible for the purpose of showing the *quo animo* or actual malice or malice in fact. See Hinkle v. Davenport, 38 Iowa 355; Bailey v. Bailey, 94 Iowa 598; Ladwig v. Heyer, 136 Iowa 196. But actual malice or malice in fact is only material as establishing a right to recover exemplary damages or to defeat a plea, if any, of defendant that the publication of the slanderous language is privileged. See 36 C. J. 1217. There is no plea of privileged communication by the defendant in the instant case, and as hereinbefore stated, the plaintiff is not asking exemplary damages. In a case involving exemplary damages, the defendant on a proper plea can show matters in mitigation, but mitigation can only affect the question of exemplary damages. See Cain v. Osler, 168 Iowa 59; Brandt v. Story, 161 Iowa 451; Mowry v. Reinking, 203 Iowa 628. It is apparent that, since the plaintiff is only asking actual damages,

the court was in error in giving the aforesaid instruction. This is true because "every publication or repetition of the defamatory matter by defendant constitutes a cause of action, which is separate and independent from the cause of action arising out of the original publication." See 36 C. J. 1229, 1230.

Jean v. Hennessy, 69 Iowa 373; Central of Georgia Ry. Co. v. Sheftall, (Ga.) 45 S. E. 687; Underwood v. Smith (Tenn.), 42 Am. St. Rep. 946; Cook v. Conners (N. Y.) Ann. Cas. 1917A, 248. In Jean v. Hennessy, 69 Iowa 373, this court declared:

"But it is well settled that every utterance of slanderous words is a distinct cause of action; and, if recovery is sought for repeating a slander, the repetition must be declared upon as a separate cause of action."

Thus it is apparent that any evidence received as to repetition of the slander and which was not declared upon in one of the separate counts of the petition was inadmissible, and that the trial court was in error in permitting the jury, in fixing the amount of plaintiff's actual damages (and actual damages are all that are involved in the instant suit), to take into consideration any charge of slander or repetition of a charge of slander which was not declared upon in the petition.

To substantiate the charge contained in the second count of the petition, the plaintiff called as witnesses Mr. and Mrs. Grover. On the cross-examination of Grover, he was asked the questions: "You are the same person who was defendant in an action brought against you by Mrs. Lotz last term of court? Are you the same E. O. Grover who has a suit against Mrs. Lotz for slander in this term of court?" Mrs. Grover on cross-examination was asked the following questions: "Well, there is trouble between you and the Lotzes? You know that your husband has a slander suit pending in this court against Mrs. Lotz?" Objections by the plaintiff to the aforesaid interrogatories were sustained. "For the purpose of showing bias" the appellant offered to show the pendency of said two suits and that both of the same were in the assignment for trial at the same term of court during which the instant case was tried. This offer was rejected by the court. The court was in error in the aforesaid rulings, as the matters sought to be shown were competent as bearing upon the feeling, interest, state of mind

688

and any bias or prejudice of the witnesses against the defendant and as affecting their credibility. This rule is so well established as to require no citation of authorities, but see 28 R. C. L. 615; Lass v. Lass, 217 N. W. (S. D.) 383.

■ The testimony relative to the charge contained in the first count of the petition came from the plaintiff herself, her two sons, and one Foster. The conversation occurred in the County Attorney's office. Manifestly, Foster is a friend of plaintiff and her family, as he was asked to accompany them. Stephen Bond, the son of the plaintiff, had just been arrested for an assault made by him upon the defendant, an hour or so before. The Bonds were residing on 160 acres leased by them from the defendant. It is apparent that there was a prolonged conversation in the County Attorney's office at the time in question. The plaintiff and her witnesses, on direct examination, gave that part of the conversation in which the defendant is alleged to have charged Stephen with having stolen the chickens and the plaintiff with receiving and harboring them. Obviously, only a small portion of the conversation was given by plaintiff's witnesses on direct examination. On cross-examination the appellant asked the witnesses to relate the conversation which occurred at that time and place, and the court sustained plaintiff's objections thereto. The court was in error in said rulings. See Sections 11272 and 11273, Code, 1931; Gaddis v. Lord and Jewett, 10 Iowa 141; Hartman Steel Company v. Hoag & Son, 104 Iowa 269. The aforesaid sections of the Code expressly provide that when part of a declaration or conversation is given in evidence by one party, the whole on the same subject may be inquired into by the other, and that when a detached declaration or conversation is given in evidence, any other declaration or conversation which is necessary to make it fully understood, or to explain the same, may also be given in evidence. It is true that the matter of cross-examination rests largely, but not wholly, in the discretion of the trial court. It is quite impossible to lay down a general rule as to this matter applicable to all cases; and while the trial court is vested with large discretion relative to cross-examination, yet, in view of the aforesaid statutes and the well recognized sphere of cross-examination, it must be held that defendant was prejudiced by having her right of cross-examination unduly curtailed by the rulings of the court.

We have considered all matters which have been urged by the respective parties to this litigation. For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for a new trial.—Reversed and remanded.

EVANS, MORLING, KINDIG, and GRIMM, JJ., concur.