STATE OF IOWA, Appellee, v. GUSTAV CARL KOENIG, Appellant.

No. 47307.

(Reported in 36 N. W. 2d 765)

Welch & Welch, of Logan, for appellant.

Robert L. Larson, Attorney General, Clarence Kading, Assistant Attorney General, and Michael Murray, County Attorney, for appellee.

OLIVER, J.—An automobile operated by defendant in Logan, Iowa, collided with a truck. A deputy sheriff and a highway patrolman promptly took defendant into custody and placed him in jail. Shortly thereafter they conducted him to the office of Dr. Hook who repaired and sutured a bad tear in defendant's mouth and lower lip and took a sample of his blood. The officers delivered this to Dr. Weir for analysis of its alcoholic content. Thereafter defendant was indicted for operating a motor vehicle while intoxicated and with having been convicted theretofore of a like charge in the municipal court of Council Bluffs. Section 321.281, Code of 1946. He was convicted and has appealed. Various lay witnesses expressed conflicting opinions whether defendant was intoxicated and his counsel concede this was a question for the jury.

I. Defendant contends there was no competent evidence of his prior conviction in the municipal court of Council Bluffs for that it was not shown in the Record Book. Rule 227, Rules of Civil Procedure, recites: "All judgments and orders must be entered on the record of the court * * *." Code section 606.7, subsection 1, provides the clerk of the district court shall keep a book which may be known as the "record book", and certain other books and dockets. Section 602.13 provides municipal court records shall be kept in substantially the same form and manner. In this case the judgment, in complete and proper form, was spread upon a page of a book kept by the clerk of said court and denominated "Appearance Docket and Fee Book, No. C27."

594

The evidence shows this was the book in which the clerk recorded judgments in criminal cases. In the language of the clerk, "This is our criminal record that we keep. We haven't any other record of criminal cases." The judgments entered therein by the clerk were based upon memoranda made by the judge upon the court calendar. This so-called Appearance Docket and Fee Book, kept by the clerk, was thereafter signed by the judge as the record. See section 604.38.

Defendant relies upon such cases as State v. Wieland, 217 Iowa 887, 251 N. W. 757. In general, these decisions hold a judgment cannot be said to be entered until it is spread by the clerk upon the Record Book and that the entry of the decision on the Court Calendar and notations in the Judgment Docket, Appearance Docket, etc., do not constitute a judgment. This rule is not here applicable.

The so-called "Appearance Docket and Fee Book" in which this judgment was recorded was in fact what the statute states "may be known as the 'record book'." It was the "record book" for judgments in criminal cases only and it was also the Appearance Docket and Fee Book for such cases. However, this did not affect the validity of the judgment. In Carr v. Bosworth, 72 Iowa 530, 34 N. W. 317, the court held the record of a judgment in a book designated "Decrees of the Foreclosure of Mortgages" was valid, stating the statute was directory and not compulsory, a strict compliance with its language was not demanded, its purpose was to require the proceedings to be kept of record in a book and if convenience demanded and the rights of parties were not prejudiced the proper officers or the court might provide an additional book or books for part of the entries. This decision was followed in Brown v. Barngrover, 82 Iowa 204, 207, 47 N. W. 1082, 1083, in which the judgment was recorded in a book called "Record of Judgments by Confession." These decisions appear to accord with the general rule. 49 C. J. S., Judgments, section 110, pages 235, 236; 30 Am. Jur., Judgments, section 65, page 853; annotations in 28 L. R. A. 625. We hold the record of the judgment in question was competent proof of the matters contained therein.

II. Defendant contends the court erred in receiving and refusing to strike the evidence of Dr. Hook concerning the taking

of the blood sample. One complaint is that defendant was then unconscious. There was considerable evidence he was conscious and made no objection. The court submitted to the jury the question whether defendant was conscious and voluntarily permitted the taking of the blood sample. No exception was taken to this procedure and we need not determine whether this question was for the court or the jury or whether it was necessary that the sample was voluntarily given. It is sufficient that the instruction was not less favorable to defendant than he was entitled to receive.

Dr. Hook testified without objection that he repaired defendant's mouth and took the blood sample and that defendant was under the influence of liquor. On rebuttal he testified he made a charge to defendant which the latter paid. Stating they had not known this defendant's counsel later moved to strike Dr. Hook's testimony as privileged under section 622.10. The trial court denied the motion, pointing out that defendant knew it and stating objection should have been made at the time the testimony was offered.

No error appears here. The trial court could properly find the failure to object was a waiver of the privilege, if any. Hepker v. Schmickle, 209 Iowa 744, 752, 753, 229 N. W. 177; State v. Powell, Mo., 217 S. W. 35, 37; 58 Am. Jur., Witnesses, section 446, page 252.

III. Dr. Weir testified his test of the blood sample showed an alcoholic content of 170 mg. per 100 cc and that 150 or more indicates intoxication. Although the error assigned at this point is that the witness was incompetent, the real complaint appears to be directed to the accuracy of Heise's Test which was employed by Dr. Weir. That test is well established and recognized and defendant's contention that it is unreliable is without support in the record. See 24 Iowa L. Rev. 211.—Affirmed.

All JUSTICES concur.