STATE OF IOWA, appellee, v. KEITH STEWART SLATER, appellant.

No. 47872.

(Reported in 48 N.W.2d 877)

July 10, 1951.

Oliver, Glanton & Dixon, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise, Clarence A. Kading and Glenn L. Gray, Assistant Attorneys General, and Blair G. Wood, County Attorney, for appellee.

Oliver, C.J.—The evidence supports the verdict of guilty. Witnesses testified they saw defendant operating an automobile upon a public highway while in an intoxicated condition. Other witnesses testified to his intoxicated condition immediately there-

after. He was promptly arrested. At the police station a sample of his urine was taken. Dr. Getchell testified an analysis showed 311 milligrams of alcohol per.100 cc. of urine, that 200 milligrams would show intoxication and, in his opinion, defendant was intoxicated.

I. Defendant assigns error to instruction 6 which defines "an intoxicated condition." The definition conforms to those usually given in cases of this kind. The first paragraph follows the instruction given in State v. Wheelock, 218 Iowa 178, 186, 187, 254 N.W. 313, and State v. Pierce, 65 Iowa 85, 88, 21 N.W. 195. The second paragraph is substantially the same as the definition approved in State v. Huxford, 47 Iowa 16, 18, and State ex rel. Cosson v. Baughn, 162 Iowa 308, 310, 311, 143 N.W. 1100, 1101, 50 L.R.A., N.S., 912, 915.

Defendant's specific complaint is that if the definition "is allowed to stand, then the rule of 150 milligrams of alcohol to 100 cc. of blood has been altered." This so-called rule is not a definition of "an intoxicated condition." It is merely a statement of statistics of a technical test frequently employed to determine such condition. See State v. Koenig, 240 Iowa 592, 595, 36 N.W. 2d 765; State v. Haner, 231 Iowa 348, 1 N.W.2d 91; article by Mason Ladd and Robert B. Gibson in 24 Iowa Law Review 191 to 267. The definition of intoxication has not been supplanted or modified by the blood test or any other test and reference thereto was properly omitted from such definition.

II. Defendant complains instruction 7 erroneously placed upon him the burden to show he did not voluntarily consent to the analysis of his urine. This complaint is unmerited. The instruction placed the burden upon the State to show beyond a reasonable doubt that defendant voluntarily furnished such urine.

III. It is contended the court erred in receiving and refusing to strike the testimony of Dr. Getchell concerning the analysis of the urine, on the ground the sample was involuntarily obtained. Upon this point the testimony of defendant was the general statement he did not consent to giving the sample and he was dizzy and sick and wanted to get out of there and lie down. Other witnesses testified he demurred at first but later agreed to the urine test to prove whether he was intoxicated. Assuming,

without deciding, that it was necessary the sample be voluntarily given, the evidence of the other witnesses to that effect made the testimony of Dr. Getchell admissible. State v. Koenig, 240 Iowa 592, 594, 595, 36 N.W.2d 765; State v. Small, 233 Iowa 1280, 1282, 1283, 11 N.W.2d 377.

■ IV. The case was submitted to the jury about 4 p.m. Eight hours later the jury was called into open court. The foreman reported the jury had not reached a verdict. The court then orally urged the jurors to endeavor to agree upon a verdict and directed them to retire and continue their deliberations. Defendant and his counsel were in court at the time. No objection was made to the procedure and counsel suggested the court might have asked how the jury stood.

Section 780.9, Code of Iowa, 1950, I. C. A., provides:

"Upon the conclusion of the arguments, the court shall charge the jury in writing, without oral explanation or qualification, stating the law of the case."

Defendant contends the statement of the court to the jury was an instruction or charge stating the law of the case, which was required to be in writing. In State v. Olds, 106 Iowa 110, 117, 76 N.W. 644, similar remarks made by the court were held to furnish no cause for complaint. However, the decision does not show whether the point here in question was considered. A like situation appears in State v. McGhuey, 153 Iowa 308, 317, 133 N.W. 678. In State v. Lawrence, 38 Iowa 51, 56, 57, 58, the oral remarks of the court were immediately reduced to writing and handed to defendant's counsel. The court stated there was, therefore, "no prejudice to defendant." In State v. Johnston, 221 Iowa 933, 267 N.W. 698, and State v. Mullenix, 212 Iowa 1043, 237 N.W. 483, certain oral statements were held not to be instructions upon the law of the case within the meaning of the statute.

Code section 780.35 provides the rules relating to civil cases shall be applicable to criminal prosecutions. Without considering the effect, if any, of this statute upon the question now under consideration, it may be noted the civil rules are and have been substantially the same as Code section 780.9. See section 3720, Code of 1897; sections 11493 and 11506, Code of 1939; Rules 196 and 197, Rules of Civil Procedure. Burton v. Neill, 140 Iowa 141,

145, 118 N.W. 302, 303, 17 Ann. Cas. 532, 533, states with reference to an oral statement like that in the case at bar: "That general directions to the jurors as to their duty, not having any bearing upon the evidence which they are to consider and the law applicable thereto, are not instructions such as are required to be in writing under statutory provisions is illustrated by many cases." (Citing authorities.)

In re Estate of Cocklin, 232 Iowa 266, 270, 273, 5 N.W.2d 577, 580, decided the proposition here involved, as follows: "* * * it is the view of this court as it is now composed that a 'verdict urging instruction' which does not define the issues in the case does not have to be in writing. The court believes that it would be far better if the 'verdict urging instruction' were given in writing * * *."

We reaffirm this rule and hold the failure to make the statement in writing was not reversible error.

■ V. It is contended the verdict-urging statement of the court coerced the jury into agreement. Before making the statement the court asked the foreman: "Do you think you can reach a verdict?" The foreman replied: "We can try." An hour and a half later the jury reached a verdict. It had been out a total of nine and a half hours. The oral statement and circumstances are very similar to those in State v. Bogardus, 188 Iowa 1293, 1298 et seq., 176 N.W. 327, and State v. Barlow, 242 Iowa 714, 717, 46 N.W.2d 725, 727. The language of the court did not suggest the jury would be kept together until it agreed nor did it indicate an intention to coerce the jury into agreement. No reversible error appears here.—Affirmed.

All JUSTICES concur.