**STATE of Iowa, Appellee,**

v.

**Willie MAYHEW, Appellant.**

**No. 54200.**

Supreme Court of Iowa.

Feb. 9, 1971.

Walter W. Rothchild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and G. Douglas Essy, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This case was here once before and was remanded for hearing to determine if a police report was inconsistent with Officer Braatz' testimony on direct examination concerning the defendant's intoxication at the time the crime was allegedly committed. State v. Mayhew, 170 N.W.2d 608.

Mayhew had been convicted of second degree murder. His appeal was based in part on the refusal of the trial court to permit defendant's counsel to examine a copy of a police report for possible impeachment of the officer who made it.

At page 614 of 170 N.W.2d we instructed the trial court as follows:

"The copy of the [police] report is to be submitted to the trial court for an in camera determination, in the presence of the prosecutor and defense counsel, as to whether it or any part thereof is germane to the *direct examination* of the witness [Braatz]. * * * Any question which may then arise as to the admissibility of the report or any part thereof so found to be germane to Officer Braatz' *direct examination* for purposes of impeachment is to be determined by the trial court in accordance with applicable rules of evidence.

"If the court finds the report contains one or more statements inconsistent with material testimony of Braatz on *direct examination* which is admissible for impeachment purposes a new trial is to be ordered." (Emphasis supplied.)

We specifically provided in our previous opinion that the trial court's determination concerning the inconsistency of the police report with the officer's testimony at trial was to be determined at the end of his direct testimony. If the report was to serve any purpose at all, it must be available to defense counsel prior to his cross-examination. His decision concerning the use of the report for impeachment purposes must necessarily be made no later than at the end of direct examination. Even that is pretty late in the game for making effective use of an inconsistent report.

The trial court specifically found the report was inconsistent with Officer Braatz' direct testimony but nevertheless held no new trial was necessary because, when considering *all* of the testimony of Officer Braatz, cross as well as direct, defendant had the benefit of the same evidence which would have been available to him if the report had been given him prior to cross-examining Officer Braatz.

We quote from the trial court's order:

"At this point in the trial [at the end of Braatz' direct examination] the out of court statement of the witness [in the report] that the defendant had had 'quite a bit to drink' would certainly be to some extent inconsistent with such testimony and admissible for impeachment purposes. * * *

"However, to determine the issue, it is the opinion of the trial court that we must consider *all the testimony of Officer Braatz, not merely his testimony on direct examination.*

*     *     *     *     *     *

"This court finds that the report * * * does not contain statements inconsistent with material testimony of Officer Braatz at the trial and that it is not properly admissible for impeachment purposes." (Emphasis supplied.)

■ We cannot agree. What use defense counsel could have made of the report is a matter for his determination, not the trial court's. Perhaps by cross-examination without the report defense counsel was successful in having the officer qualify some of his direct testimony. But that is not the same as being able to confront a witness with a contradictory written report made in the discharge of his official duties shortly after the events in question. The impact of such a cross-examination might well be greater than the oral qualification made by a witness under random questions posed by the cross-examiner.

■ Our previous opinion in this case laid down the rules under which the remand was to be conducted. Both the State and defense were entitled to have these rules adhered to. It is well settled that on remand a trial court can do nothing except follow the mandate of the appellate court. Here the trial court made a specific finding of inconsistency between the report in question and the officer's direct testimony. At that point there was nothing for the trial court to do but order the new trial we had provided for in such an event. The trial court, however, considered all of the officer's testimony in reaching a decision. This is precisely what the remand order sought to avoid.

In Kuhlmann v. Persinger, 261 Iowa 461, 468, 154 N.W.2d 860, 864, we said, "It is well settled in Iowa that when the Supreme Court remands for a special purpose, the district court, upon remand, is limited to do the special thing authorized by this court in its opinion, and nothing else. It has no power or jurisdiction to do anything except to proceed in accordance with the mandate." We held to the same effect in Arnold v. Arnold, 258 Iowa 850, 854, 140 N.W.2d 874, 876; Iowa-Illinois Gas & Electric Company v. Gaffney, 256 Iowa 1029, 1040–1041, 129 N.W.2d 832, 838–839; and Glenn v. Chambers, 244 Iowa 750, 754, 56 N.W.2d 892, 894. See also 5B C.J.S. Appeal and Error § 1966, p. 577, and 5 Am.Jur.2d Appeal and Error, sections 991 and 992, pages 417–420.

In view of the specific terms of the remand and in view of the finding of the trial court that there was inconsistency between the written report and the direct testimony of Officer Braatz, a new trial should have been granted. This is what we directed in our original opinion, and this is what the defendant was entitled to.

We therefore reverse the trial court and order that defendant have a new trial.

Reversed and remanded.

LARSON, MASON, RAWLINGS, and BECKER, JJ., concur.

UHLENHOPP, J., dissents, joined by MOORE, C. J., and REES, J.

STUART, J., dissents.

UHLENHOPP, Justice (dissenting).

The question is whether the trial court erred in denying defendant a new trial after holding a Jencks-type hearing upon remand. The facts are set forth in State v. Mayhew, 170 N.W.2d 608 (Iowa). On the original trial defendant was convicted of second degree murder for stabbing one McClellan to death.

Officer Braatz's written police report contained this statement regarding defendant: "Also checked and found that he had been drinking quite a bit." On the original trial, the trial court did not require production of the report containing this statement.

On direct examination in that trial, Braatz testified in substance that defendant walked and talked satisfactorily and did not argue. The officer was further asked on direct:

"Q. Could you smell any intoxicating beverage on him at that time? A. Yes, sir.

"Q. Was it a strong smell? A. Yes, sir."

The officer did not testify on direct that defendant was sober, nor was he asked.

On cross-examination the officer testified defendant smelled as if he had been drinking, the drinking had a visible effect on defendant, in the officer's opinion defendant was intoxicated, and it was not his testimony that defendant was sober.

On redirect examination, the officer testified defendant was slightly intoxicated.

When the case was remanded by this court, these directions were given (170 N. W.2d at 614):

"If the court finds the report contains one or more statements inconsistent with material testimony of Braatz *on direct examination* which is admissible for impeachment purposes a new trial is to be ordered." (Italics added.)

Two problems are presented: (1) Is the statement in the written report really inconsistent with the direct examination? and (2) Was nonproduction of the report harmless at all events in view of the cross-examination and, if harmless, must a new trial be ordered anyway?

I. *Inconsistent with Direct Examination?* Restricting consideration to Officer Braatz's direct examination, the officer did say in substance that defendant could walk and talk satisfactorily, but the officer was not asked if defendant was sober and he did not testify that defendant was sober. On the contrary, when asked on direct if defendant smelled of intoxicants, the officer answered in the affirmative and further answered that the smell was strong. Hence the officer's direct testimony is not really inconsistent with the statement in the report, "Also checked and found that he had been drinking quite a bit." Under these circumstances, a trial court would be well within its discretion in holding that the written statement is not sufficiently inconsistent to be admissible. Dugger v. Kelly, 168 Iowa 129, 150 N.W. 27; French v. Universal C. I. T. Credit Corp., 254 Iowa 1044, 120 N.W.2d 476; 98 C.J.S. Witnesses § 573 at 534. On this basis alone, the case should not be reversed.

If the case is affirmed on this basis, the previous directions on remand are complied with; those directions spoke of inconsistency of the written statement with Braatz's testimony "on direct examination" and the statement is found not inconsistent with the direct examination. Thus the second problem, harmless error, would not be reached.

II. *Harmless Error?* The second problem really involves two questions—wheth-

er nonproduction of the written report was harmless even if the statement in the report were inconsistent with the direction examination, and if nonproduction was harmless, whether a new trial must be ordered anyway.

(a) Even if the statement in the report were inconsistent with the officer's direct examination, manifestly the statement is not inconsistent with the officer's testimony as a whole. Under defense counsel's questioning, the officer testified on cross-examination that defendant smelled as if he had been drinking, the drinking had a visible effect on defendant, defendant was intoxicated, and it was not the officer's testimony defendant was sober. On redirect examination the officer said defendant was slightly intoxicated. Thus the officer's whole testimony goes further to prove intoxication than the statement in the report. Clearly defendant was not harmed by nonproduction of the report. Without the report defendant's attorney got the officer to go further than the report. The claimed error is especially harmless in view of abundant other evidence in the case that defendant was intoxicated. (Even the committing magistrate's testimony corroborated Officer Braatz's statement that defendant appeared intoxicated. The intoxication testimony may account for the jury's acquitting defendant of first degree murder for the stabbing.)

The harmless error rule applies in Jencks situations. The Court stated in Rosenberg v. United States, 360 U.S. 367, 371, 79 S.Ct. 1231, 1234, 3 L.Ed.2d 1304, 1307:

"Since the same information that would have been afforded had the document been given to defendant was already in the possession of the defense by way of the witness' admissions while testifying, it would deny reason to entertain the belief that defendant could have been prejudiced by not having had opportunity to inspect the letter."

In the same vein, see Killian v. United States, 368 U.S. 231, 243, 82 S.Ct. 302, 309,

7 L.Ed.2d 256, 265; United States v. Fruchtman, 421 F.2d 1019 (6th Cir.); United States v. Crisona, 416 F.2d 107 (2nd Cir.); United States v. Pope, 415 F. 2d 685 (8th Cir.); United States v. Missler, 414 F.2d 1293 (4th Cir.); Lloyd v. United States, 412 F.2d 1084 (5th Cir.); United States v. Sten, 342 F.2d 491 (2nd Cir.); Lewis v. United States, 340 F.2d 678 (8th Cir.); Hayes v. United States, 329 F.2d 209 (8th Cir.); United States v. Kahaner, 317 F.2d 459 (3rd Cir.); United States v. Allegrucci, 299 F.2d 811 (3rd Cir.); Karp v. United States, 277 F.2d 843 (8th Cir.). See also L. Orfield, Criminal Procedure Under Federal Rules, § 26:338 at 649–50 (1966) ("In general there is no prejudicial error if the information withheld is otherwise in the possession of the defendant.").

The federal courts, which have had the most experience in the Jencks area, look to the witness's testimony as a whole to see if the error was harmful or harmless. United States v. Missler, 414 F.2d 1293, 1304 (4th Cir.) ("The effectiveness of defense counsel's cross-examination is highly relevant in determining whether there was prejudice by reason of the Government's nondisclosure"); Karp v. United States, 277 F.2d 843 (8th Cir.) (court looked to report, testimony of government witness, and testimony of defendant); United States v. Meisch, 370 F.2d 768 (3rd Cir.) (looked to both direct- and cross-examination); Lewis v. United States, 340 F.2d 678 (8th Cir.) (same); Banks v. United States, 348 F.2d 231 (8th Cir.) (looked to testimony of witness—no restrictive language by court); United States v. Sten, 342 F.2d 491 (2nd Cir.) (same); Williams v. United States, 119 U.S.App.D.C. 177, 338 F.2d 286 (same).

Thus the harmless error rule should be applied here in view of Braatz's testimony as a whole, for, as stated in Rosenberg, "[I]t would deny reason to entertain the belief that defendant could have been prejudiced by not having had the opportunity to inspect * * *"

(b) If the written statement were inconsistent with the direct examination but the error is harmless in view of Officer Braatz's whole testimony, must a new trial be granted anyway because of the directions on remand? The answer should be in the negative for two reasons.

First, the harmless error rule cuts across procedural rules generally; it even cuts across constitutional protections. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The harmless error rule is an old one in this state. This court does not order retrials merely because error has been committed. It orders a second trial only for good reason—if the error in the first trial caused harm. State v. Thomas, 151 Iowa 572, 132 N.W. 51; State v. Nagel, 185 Iowa 1038, 170 N.W. 289, error dismissed, 254 U.S. 620, 41 S.Ct. 319, 65 L.Ed. 442; State v. Huston, 187 Iowa 1000, 174 N.W. 641. Implicit in the previous directions on remand of this case were the other standing rules of law, including the harmless error rule.

Second, if the harmless error rule were held not implicit in the directions on remand, then this court should confess improvidence in those directions and now apply the standing harmless error rule. To do otherwise is to compound rather than to correct those directions. We should not order a retrial of a case when a defendant was not harmed by a trial court's ruling. To do so is to engage in perfectionism rather than to ask the practical question of whether anyone was hurt by the ruling. To say that our hands are now tied by the directions on remand because, defendant went through a second hearing and took a second appeal is to apply a sporting theory of criminal justice. The true issue in criminal appeals is whether the defendant suffered harmful error on his trial. Here the defendant did not, and a retrial should not be ordered.

MOORE, C. J., and REES, J., join in this dissent.