The STATE of Iowa, Appellee,

v.

John Leslie KLINGER, Appellant.

No. 54327.

Supreme Court of Iowa.

April 9, 1971.

Louie F. Beisser, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., G. Douglas Essay, Asst. Atty. Gen., and David A. Opheim, Webster County Atty., for appellee.

STUART, Justice.

John Leslie Klinger was charged by a county attorney's information with the crime of assault with intent to do great bodily harm in violation of section 694.6, 1966 Code. He pleaded not guilty claiming intoxication as a defense. A Webster County jury convicted him of the crime charged. He appealed from the court's judgment sentencing him to one year in the Men's Reformatory at Anamosa and has assigned three grounds for reversal.

Defendant admitted striking Clyde Mericle on the head with a beer bottle as Mericle was dancing with Patricia Krantz in a Fort Dodge tavern. Her face was severely lacerated by fragments of the broken bottle. Defendant claimed Mericle shoved him as he was crossing the dance floor and he reacted by hitting Mericle with the bottle. He also claimed he was too intoxicated to be able to form the necessary specific intent. There was evidence defendant who weighed 122 pounds consumed 13 bottles of four per cent beer during a four and one-half hour period.

I. Defendant claims the court erred in excluding the opinion testimony of Dr. Sybers on the question of his intoxication. Dr. Sybers, pathologist for Mercy and Lutheran Hospitals in Fort Dodge, performs the blood and urine tests to determine the level of alcohol in the blood for the law enforcement officers in seven counties. His qualifications are not challenged. He testified a person would become under the influence of alcohol when the alcohol level of the blood reached approximately 150 milligrams. He stated he could determine the alcoholic condition of a person's system if he knew his weight and the amount and alcoholic content of beer consumed over a given period of time. He was then asked the following hypothetical question. "Now, based upon this hypothetical situation, assuming that individual weighed 122 pounds, and assuming that the alcohol content of the beer was four per cent, and that the number of beers that were drank were thirteen and that the time lapse was four and a half hours, do you have an opinion as to what the alcoholic condition of the hypothetical person would be?"

The trial court was apparently of the opinion that, as no blood test had been made, this was not an appropriate subject for expert testimony and sustained state's objection to the question.

During the question and answer offer of proof the doctor testified if defendant weighed 122 pounds and drank 13 bottles of four per cent beer in four and one-half hours his blood would contain 250 milligrams of alcohol. If defendant were an alcoholic he might have a higher level of alcohol in his blood. Judgment is one of the first areas affected. He would have a dulling of the sensations. He may do things while under the influence of alcohol that he would otherwise not do. There is a loss of muscle coordination and slurring of speech. Alcoholics may not appear to be intoxicated as far as motor functions and muscle coordination but their judgment would be affected. An individual with this level of intoxication would proba-

bly not do the same things sober. The trial court rejected all of the proffered testimony.

■■ It is true, as the state argues, that the receipt of opinion evidence rests largely in the trial court's discretion and we are loath to interfere with the exercise thereof unless it has been manifestly abused to the prejudice of the complaining party. State v. Mayhew (Iowa, 1969), 170 N.W.2d 608, 619, and citations, but we are of the opinion that the trial court abused its discretion here.

Defendant did not deny the incident. His whole defense was predicated on his intoxicated condition. The opinion of the expert based on the hypothetical question would have been a valuable addition to his testimony. It should be pointed out that there was no lay testimony that he appeared intoxicated.

The state contends there was no necessity for an expert opinion as the jury was as capable as an expert in determining whether the consumption of 13 bottles of beer in four and one-half hours would produce intoxication in a 122 pound man. There is a difference between the necessity for expert testimony and its admissibility. There was enough evidence to submit the intoxication question to the jury, without the expert, but this does not mean his opinion was inadmissible. The state frequently introduces blood tests when there is other evidence of intoxication. Defendant has a similar right.

One of the tests for the admission of expert testimony is whether the subject matter is such, and the witness is so qualified as to aid the jury in the proper determination of a question before them. Bernal v. Bernhardt (Iowa, 1970), 180 N.W.2d 437, 438; Grismore v. Consolidated Products Co. (1942), 232 Iowa 328, 342, 5 N.W.2d 646, 654.

The witnesses' qualifications were not challenged nor did the state call the trial court's attention to any deficiency in the foundation facts. We do not believe it is reasonable to conclude that the doctor's proffered testimony would not aid the jury. The testimony went beyond a statement that the amount of beer consumed would have made defendant intoxicated. He stated the degree of intoxication, explained the effect on defendant's judgment and offered an explanation as to why defendant might not have appeared intoxicated.

The exclusion of the proffered testimony was highly prejudicial to defendant's case. It should have been admitted and its exclusion was an abuse of the trial court's discretion constituting reversible error.

II. Mrs. Krantz was a witness for the state. On cross-examination she was asked if she had secured an attorney to represent her in a personal injury suit to recover damages for the injuries she received when the bottle broke. The trial court sustained an objection that this question was irrelevant. An offer of proof was subsequently made that Mrs. Krantz would have answered in the affirmative.

■ It is always proper to test a witness's credibility and possible undue interest in the outcome of the case by this type of question. State v. Sampson (1956), 248 Iowa 458, 461, 79 N.W.2d 210, 212. The court was in error in not permitting it in this instance. We need not decide whether under this record it constituted reversible error or was error without prejudice as the case has been reversed on the first ground. The question should not now arise on retrial.

III. Appellant's final allegation of error is that the trial court made certain remarks that deprived him of a fair and impartial trial. We need not decide this issue as the case has been reversed on other grounds and the trial court is not likely to repeat these remarks on retrial.

For the reasons stated in division I, this case is reversed and remanded for retrial.

Reversed and remanded.

All Justices concur.