STATE of Iowa, Appellee,

v.

Betty Arline CARNEY, Appellant.

No. 58089.

Supreme Court of Iowa.

Dec. 17, 1975.

Michael R. Stewart, Bierman & Bierman, P. C., Grinnell, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Richard J. Vogel, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

At trial a jury found defendant guilty of kidnapping, a violation of § 706.1, The Code. She appeals from judgment sentencing her to five years imprisonment, suspended during her good behavior. We reverse and remand.

The State's key witness was the alleged kidnap victim, defendant's ex-husband, Robert Carney. Litigation involving their marriage dissolution was almost continuous from 1966 until our decision in *In re Marriage of Carney,* 206 N.W.2d 107 (Iowa 1973).

The bizarre events which led to the charge against defendant began with a visit to her home by Carney. His wrists were subsequently handcuffed. The handcuffs proved painful and were replaced by cord. Defendant at various times had a gun in her hand and in her pocket. Carney spent the night in defendant's home. The next day a struggle for his car keys resulted in discharge of the gun, wounding Carney in the leg. Defendant drove him, their daughter and a foster daughter to Hannibal, Missouri. He there departed the automobile, police were notified, and defendant was arrested.

On Carney's cross-examination the defense sought to question him concerning amounts he owed defendant for property settlement, alimony, and child support as

determined in this court's 1973 dissolution decision. Defense counsel also sought to examine this witness regarding his unsuccessful attempt in 1964 to procure defendant's confinement in the state psychopathic hospital. These questions were propounded for the expressed purpose of showing the financial interest, bias and ill will of the witness. State's objections to the questions were sustained and proper offers of proof followed. Defendant contends trial court erred in these rulings.

I. Our rules relating to cross-examination were recently summarized in *State v. Droste,* 232 N.W.2d 483, 489–490 (Iowa 1975).

The primary interest secured by the confrontation clause, Amendment 6, United States Constitution, is the right of cross-examination. *Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974); *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934, 937 (1965).

A reasonable latitude must be accorded a cross-examiner but the scope thereof as to any proper subject of inquiry rests generally in trial court's sound discretion. *State v. Droste,* supra at 489; *State v. Menke,* 227 N.W.2d 184, 191 (Iowa 1975).

Trial court's discretion in this respect is a legal discretion and should not be exercised so as to exclude matters vital and proper to the defense of one accused. *State v. Rowe,* 238 Iowa 237, 243, 26 N.W.2d 422, 425 (1947).

The scope of cross-examination of a State's witness should be extended liberally on behalf of a defendant charged with a grave offense. *State v. Rowe,* supra; *State v. Christy,* 198 Iowa 1302, 1308, 201 N.W. 42, 44 (1924).

A witness may be cross-examined to show his bias "by reason of emotional influences such as kinship for one party or hostility to another, or motives of pecuniary interest, whether legitimate or corrupt." *State v. Peterson,* 219 N.W.2d 665, 671 (Iowa 1974);

see *State v. Kimball,* 176 N.W.2d 864, 867–868 (Iowa 1970); IIIA Wigmore on Evidence § 944 (Chadbourn Rev.1970).

II. Applying the above principles to the situation here, we hold trial court went beyond its discretionary boundaries in denying defendant the right to cross-examine Carney concerning his indebtedness to defendant. These pecuniary interests might well have been favorably affected by a guilty verdict resulting in defendant's incarceration. Her ability to pursue appropriate collection procedures would be crippled; the question of child support would be subject to relitigation. These factors could have affected Carney's credibility in the eyes of the jury.

III. Trial court's ruling which cut off cross-examination of Carney about his attempt to have defendant confined to a mental institution presents a closer question. The offer indicates his action occurred ten years prior to this trial. The initial impression the occurrence was too remote is partially tempered by the almost continuous litigation since 1966.

On the whole, however, we are persuaded the commitment episode was so distant in time that trial court did not abuse its discretion by sustaining objections to cross-examination concerning it.

IV. As we find error in excluding cross-examination, division II, supra, we reach the question whether exclusion of this evidence constituted error prejudicial to defendant. *State v. Sampson,* 248 Iowa 458, 461, 79 N.W.2d 210, 212 (1956). In *Sampson* the court in making its determination considered 1) whether the witness was an important one or whether his testimony was incidental to the issue, and 2) whether the volume of direct evidence was so overwhelming that it was sufficient apart from the testimony of the witness sought to be cross-examined. 248 Iowa at 461–462, 79 N.W.2d at 212–213.

Here proof of a vital element of the kidnapping offense (confinement must be against victim's will) depended almost en-

tirely on Carney's testimony. Other evidence on this point, standing alone, was not overwhelming. He was the key witness in the State's case. Under the *Sampson* criteria, supra, the error was prejudicial.

This case must therefore be reversed and remanded for new trial.

Reversed and remanded.